FILED IN
COURT OF CRIMINAL APPEALS

June 30, 2015

ABEL ACOSTA, CLERK

PD-0290-15
COURT OF CRIMINAL APPEALS
AUSTIN, TEXAS
Transmitted 6/25/2015 5:09:34 PM
Accepted 6/30/2015 8:15:59 AM
ABEL ACOSTA
CLERK

## CASE NO. PD-0290-15

IN THE

COURT OF CRIMINAL APPEALS

OF TEXAS

---

# JOHN DENNIS CLAYTON ANTHONY, Appellant

## VS.

# THE STATE OF TEXAS, Appellee

---

## APPEAL FROM BAILEY COUNTY

---

## MOTION TO SUPPLEMENT RECORD
### * COMPETENCY *

---

TROY BOLLINGER
APPELLATE ATTORNEY FOR MR. ANTHONY
State Bar ID Number: 24025819

600 Ash Street
Plainview, TX, 79072
Telephone: 806-293-2618
Facsimile: 806-293-8802

**COMES NOW JOHN DENNIS CLAYTON ANTHONY**, by and through his appointed attorney on appeal, Troy Bollinger, and respectfully submits this Motion to Supplement the Record in the above entitled and numbered cause. In support of this Motion, Appellant would show this Honorable Court the following:

## I.

The Defendant, JOHN DENNIS CLAYTON ANTHONY, plead Guilty in the 287th District Court of Bailey County. The 7th Court of Appeals reversed the conviction in the to be published opinion *Anthony v. State*, 07-13-00089-CR (Tex. App. – Amarillo – 2015). The State requested, and this Honorable Court granted a petition for discretionary review on May 20, 2015.

## II.

Both a Clerk's Record and a Reporter's Record have been filed in this cause.

## III.

Appellant has raised issues of prejudice resulting from an involuntary plea and ineffective assistance of counsel at the initial plea. The Appellate Court ruled Trial Counsel Ineffective and passed on ruling as to whether the plea was *actually* involuntary. However, the

opinion does include specific language upon which Appellant, and this Honorable Court, must assume show that the Appellate Court did consider the voluntariness of the plea in deciding that Mr. Anthony was denied effective assistance of Counsel.

This requires that Appellant request that this Honorable Court ORDER the supplement to the available Record (both Clerk's & Reporter's) for the following very important reasons.

## IV.

The State, in both the Court of Appeals and in its present Petition, has argued: Appellant's *"deferred adjudication was proper, his plea was voluntary and his counsel ineffective"* (sic) [STATE'S BRIEF ON THE MERITS, p3]. The State also argues that *"the record does not support a finding of either deficient performance or prejudice"* [STATE'S BRIEF ON THE MERITS, p3] and that Appellant's claim *"is forfeited because it was not raised until the appeal from the adjudication of guilt"* [STATE'S BRIEF ON THE MERITS, p4].

Appellant would contend that it is clear **from the existing record** that each of these issues must fail. While such evidence is

available within the existing Record, two very pieces of the puzzle were excluded from the existing Appellate Record.

To clearly illustrate what Appellant is requesting, Counsel would direct this Honorable Court to the Reporter's Record of the initial plea and a very important page of the Clerk's Record.

First, Appellant would request a review of the following passage from the Reporter's Record:

> *THE COURT: And what says the defendant?*
>
> *MR. McEACHERN: Defendant is present and ready, Your Honor, ready to proceed on a plea bargain.*
>
> *I had previously filed a motion to have Mr. Anthony examined. I'm satisfied that he's competent.*
>
> *I'm withdrawing that motion to have him examined.*
>
> *THE COURT: All right. The Court did enter an order for examination back on December 3 of 2008, but that order was for Dr. Robert Morgan —*
>
> *MR. McEACHERN: Yes, sir.*
>
> *THE COURT: — to examine him. And the matter was set for hearing before January 7th. Dr. Morgan has not examined him; is that correct?*
>
> *MR. McEACHERN: That's correct, but I'm satisfied that my client is competent —*
>
> *THE COURT: All right.*
>
> *MR. McEACHERN: — and able to assist me in the trial of this matter.*
>
> [Reporter's Record, Volume 1, p4]. <emphasis added>

The Order mentioned above is found in the Clerk's Record. In the body of the order it specifically states that *"there is evidence to support a finding of incompetency and that Defendant should be examined as provided by Article 46B.021 of the Texas Code of Criminal Procedure"*[Clerk's Record, p28].

Unfortunately, the "previously filed" Motion for this Order is NOT included in the Clerk's Record. The Appellants WRITTEN DESIGNATION SPECIFYING MATTERS FOR INCLUSION IN CLERK'S RECORD specifically requests both *"All motions and pleadings filed by the state or the defendant and not otherwise required to be included under Rule 34.5(a), Texas Rules of Appellate Procedure"* AND *"Those items identified in Rule 34.5(a)(I) through (11), Texas Rules of Appellate Procedure, and all other matters required by the Texas Code of Criminal Procedure, or any other law"* [Clerk's Record, p88]. Clearly, this request was broad enough to require the inclusion of one granted Motion.

The Certification of the Clerk states:

*I, ELAINE PARKER, CLERK OF THE DISTRICT COURT OF BAILEY COUNTY, TEXAS DO HERE BY CERTIFY THAT THE DOCUMENTS CONTAINED IN THIS*

*RECORD TO WHICH THIS CERTIFICATION IS ATTACHED ARE ALL OF THE DOCUMENTS SPECIFIED BY TEXAS RULE OF APPELLATE PROCEDURE 34.5 (a) AND ALL OTHER DOCUMENTS TIMELY REQUESTED BY A PARTY TO THIS PROCEEDING UNDER TEXAS RULE OF APPELLATE PROCEDURE 34.5 (b).*

[Clerk's Record, p95]

And yet, the granted Motion requesting a competency examination is NOT a part of the Clerk's Record.

This motion should be part of the Clerk's Record and will hold specific information required to support Appellant's allegations of both involuntary plea and ineffective assistance of counsel. As such, it is absolutely essential to refute the State's contentions above.

At the moment that Order was granted, the Trial Court was REQUIRED to *"stay all other proceedings in the case"* **Texas Rules of Criminal Procedure,** Article 46B.004(d). The statutory language in all these quoted provisions is the non-discretionary "shall". The same article REQUIRES that an expert be appointed (as was done) and that that expert 'examine the defendant', 'report to the court', and 'testify as to the issue of competency' in any case (none of which was done) where there is *"a determination that evidence exists to support a finding*

*of incompetency to stand trial"* **Texas Rules of Criminal Procedure,** Article 46B.021. The Order in this case specifically makes such a determination [Clerk's Record, p28].

Thus the examination, report, and testimony of a qualified expert were required by statute. The qualifications for such an expert are included in **Texas Rules of Criminal Procedure,** Article 46B.022. Appellant respectfully contends that neither Trial Counsel nor the Honorable Judge from Bailey County is qualified as such an expert. Even if they were, neither conducted the REQUIRED examination[1] or created the REQUIRED report[2]. When such statutorily required procedures were ignored, the plea was rendered involuntary and void.

Chief Justice Quinn of the 7th Court of Appeals observed in his concurring opinion that *"the course of action undertaken by the trial court was prohibited by statute. Thus, it was void. Being void, it never occurred" Anthony v. State,* 07-13-00089-CR (Tex. App. – Amarillo – 2015), (Quinn, concurring). While the Honorable

---

[1] The factors to be considered in such an examination are set out in **Texas Rules of Criminal Procedure,** Article 46B.024.

[2] The statutory requirement for this is established by **Texas Rules of Criminal Procedure,** Article 46B.025, which also includes specifically required contents.

Justice was directly discussing the application of **Penal Code** Section 22.021(f), a more fundamental, basic and unavoidable flaw remains.

Thus, the Appellant respectfully requests that the Clerk's record be supplemented with the Motion requesting a competency examination that was granted on December 3, 2008. This is required to assist the Appellant to effectively counter the State's arguments that the *"deferred adjudication was proper, his plea was voluntary"* [STATE'S BRIEF ON THE MERITS, p3].

Additionally, Appellant would request the Reporter's Record be supplemented with any transcript available from December 3, 2008 in the Trial Court. According to the Docket Sheet, the "Order for Exam RE: Incompetency" was signed on that date [Clerk's Record, p8]. Whatever transpired at that hearing will inevitably shed light on the competency issues raised by Trial Counsel to the Court.

The request for this testimony is supported by the existing record. Appellant previously requested that all *"pre-trial, trial and post-trial hearings, objections, rulings, and remarks of the Court"* be transcribed and made part of the Reporter's Record [Clerk's Record, p 83]. This request was specifically granted [Clerk's Record, p91].

Thus, the Appellant additionally requests that the Reporter's record be supplemented with the transcript of any hearing or discussions held on this matter on December 3, 2008. This is required to support the above discussed arguments and assist the Appellant to effectively counter the State's arguments that the *"deferred adjudication was proper, his plea was voluntary"* [STATE'S BRIEF ON THE MERITS, p3].

**WHEREFORE, PREMISES CONSIDERED**, Appellant prays that this Court will grant his Motion to Supplement the Record in this Cause. SPECIFICALLY, Appellant would request that the above mentioned motion be incorporated into the relevant Clerk's Record of this case ALSO that any hearings on this matter from December 3, 2008 be transcribed and added to the official Reporter's Record.

ADDITIONALLY, Appellant would request that the time deadline for Appellant's brief being due be reset to 30 days from when this Honorable Court's ORDER has been complied with.

Respectfully submitted,

Laney & Bollinger
600 Ash Street
Plainview, TX 79072
Tel: 806-293-2618
Fax: 806-293-8802
troy@laneybollinger.com

*/s/ Troy Bollinger*

By:_____
    Troy Bollinger
    State Bar No. 24025819

# *CERTIFICATE OF SERVICE*

I, TROY BOLLINGER, do hereby certify that a true and correct copy of the foregoing Motion to Supplement Clerk's Record was delivered to Lisa C. McMinn, State's Prosecuting Attorney, by fax transmission to (512) 463-5724, on this day, June 25, 2015.

*/s/ Troy Bollinger*

By:_____

Troy Bollinger
State Bar No. 24025819